

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2008

# Chatman v. Allegheny

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1964

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Chatman v. Allegheny" (2008). *2008 Decisions.* Paper 1154.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1154

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-183                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1964
_____

EUGENE E. CHATMAN,

                       Appellant

v.

ALLEGHENY COUNTY, PA;
RSI PROPERTY MANAGEMENT;
STEVEN BASKIN; KAREN BASKIN;
JAMES BUTLER; JUDITH BUTLER; DAVID K. RUDOV

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 05-cv-00277)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 24, 2008

Before: AMBRO, FUENTES and JORDAN, Circuit Judges

(Opinion filed: May 22, 2008)
_____
OPINION
_____

PER CURIAM

      Eugene Chatman, representing himself and proceeding in forma pauperis, filed a

complaint pursuant to 42 U.S.C. § 1983. The District Court dismissed it pursuant to 28 U.S.C. § 1915(e)(2)(B). Chatman appealed, and we dismissed his appeal under 28 U.S.C. § 1915(e)(2)(B), too. Chatman then petitioned the Supreme Court for a writ of certiorari, but his petition was denied.

Chatman recently returned to the District Court and filed a "motion for leave to file demand for jury trial." Through his motion, Chatman was apparently trying to revive the claims he presented in his § 1983 complaint, although he also provided more specific information about how a state court allegedly wronged him by denying his demand for a jury trial. The District Court denied his motion. Chatman appeals in forma pauperis. In his notice of appeal, he explains that he wanted a jury trial in state court and in his District Court case, and he states that the District Court erred in previously dismissing his complaint.

We have jurisdiction over Chatman's appeal under 28 U.S.C. § 1291. See Isidor Paiewonsky Assocs., Inc. v. Sharp Properties, Inc., 998 F.2d 145, 151 (3d Cir. 1993). However, we must dismiss it under 28 U.S.C. § 1915(e)(2)(B)(i) because it has no arguable basis in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The District Court long ago dismissed Chatman's complaint, we affirmed the order of dismissal, and the Supreme Court denied certiorari. Chatman was not entitled to a jury trial or other relief in his closed case.